UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jaleel Kevin Stallings, | Court File No. 21-CV-02395 (ADM/TNL) |
| Plaintiff, | **MICHAEL OSBECK, JR.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| Andrew Bittell, et al., | |
| Defendants. | |

For his Answer to Plaintiff's complaint, Defendant Michael Osbeck Jr. ("Defendant") states and alleges as follows:  Unless specifically admitted, qualified or otherwise pleaded herein, Defendant denies each and every allegation, hearing, footnote, matter and thing in Plaintiff's complaint.

<u>INTRODUCTION</u>

1.    Defendant denies the allegations in the first and second sentences of paragraph 1 of the complaint. Defendant denies the allegations in the ninth sentence of paragraph 1 of the complaint in so far as it relates to Defendant.  Defendant admits that Plaintiff was in a parking lot and an unmarked police van drove past a building next to the parking lot as alleged in paragraph 1 of the complaint.  Defendant admits that Plaintiff fired at least three lethal gunshots at the police van.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 1 of the complaint and he, therefore, denies the allegations.

2.      Defendant denies the allegations in paragraph 2 of the complaint in so far as they relate to representations made by Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 2 of the complaint and he, therefore, denies the allegations.

3.      Defendant denies the allegations in paragraph 3 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 3 of the complaint and he, therefore, denies the allegations.

4.      Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 4 of the complaint and he, therefore, denies the allegations.

5.      Defendant denies the allegations in paragraph 5 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 5 of the complaint and he, therefore, denies those allegations.

6.      Defendant denies the allegations in paragraph 6 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 6 of the complaint and he, therefore, denies those allegations.

7.      Defendant denies the allegations in the second sentence of paragraph 7 of the complaint.  Defendant denies all of the allegations in paragraph 7 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form

a belief about the truth of the remaining allegations in paragraph 7 of the complaint and he, therefore, denies those allegations.

8.      Defendant denies the allegations in paragraph 8 of the complaint in so far as they relate to the Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 of the complaint and he, therefore, denies those allegations.

9.      Defendant denies the allegations in paragraph 9 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 9 of the complaint and he, therefore, denies those allegations.

10.     Defendant denies the allegations in paragraph 10 of the complaint in so far as they relate to Defendant's supervisor. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 of the complaint and he, therefore, denies those allegations.

11.     Defendant denies the allegations in paragraph 11 of the complaint.

12.     Defendant admits that Plaintiff claims to seek the relief alleged in paragraph 12 of the Complaint.  Defendant denies that Plaintiff is entitled to recover as alleged.

## PARTIES AND VENUE

13.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 13 of the complaint and he, therefore, denies those allegations.

14.    Defendant admits the allegations in paragraph 14 of the complaint, except that Andrew Bittell served the MPD as a sergeant, not an officer.

15.    Defendant admits the allegations in paragraph 15 of the complaint.

16.    Defendant admits the allegations in paragraph 16 of the complaint.

17.    Defendant admits the allegations in paragraph 17 of the complaint.

18.    Defendant admits the allegations in paragraph 18 of the complaint.

19.    Defendant admits the allegations in paragraph 19 of the complaint.

20.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 20 of the complaint and he, therefore, denies those allegations.  Defendant admits the remaining allegations in paragraph 20 of the complaint, except that Matthew Severance served the MPD as a sergeant, not an officer, and Matthew Severance did not act as a supervisor for the SWAT team or Unit 1281.

21.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 21 of the complaint and he, therefore, denies those allegations.  Defendant admits the remaining allegations in paragraph 21 of the complaint, except that Christopher Lokke served the MPD as a sergeant, not an officer, and Christopher Lokke did not act as a supervisor for the SWAT team or Unit 1281.

22.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 22 of the complaint and he, therefore, denies those allegations.  Defendant admits the remaining allegations in

paragraph 22 of the complaint, except that Ronald Stenerson served the MPD as a sergeant, not an officer.

23.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 23 of the complaint and he, therefore, denies those allegations.  Defendant admits the remaining allegations in paragraph 23 of the complaint, except that James Jensen served the MPD as a sergeant, not an officer, and James Jensen did not act as a supervisor for the SWAT team or Unit 1281.

24.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 24 of the complaint and he, therefore, denies those allegations.  Defendant admits the remaining allegations in paragraph 24 of the complaint, except that Michael Heyer served the MPD as a sergeant, not an officer, and Michael Heyer did not act as a supervisor for the SWAT team or Unit 1281.

25.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 25 of the complaint and he, therefore, denies those allegations.  Defendant admits the remaining allegations in paragraph 25 of the complaint, except that Johnny Mercil served the MPD as a lieutenant, not an officer, and Johnny Mercil did not act as a supervisor for the SWAT team or Unit 1281.

26.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 26 of the complaint and he, therefore, denies those allegations.  Defendant admits the remaining allegations in

paragraph 26 of the complaint, except that Bruce Folkens served the MPD as a commander, not an officer, and Bruce Folkens did not act as a supervisor for the SWAT team or Unit 1281.

27.    Defendant admits the allegations in the first and last sentence of paragraph 27 of the complaint.  Upon information and belief, Defendant denies the allegation in the second sentence of paragraph 27 of the complaint.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the third sentence of paragraph 27 of the complaint and he, therefore, denies those allegations.

28.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 28 of the complaint and he, therefore, denies those allegations.

29.    Defendant admits the allegations in paragraph 29 of the complaint.

## JURISDICTION

30.    Defendant admits the allegations in paragraph 30 of the complaint. Defendant affirmatively alleges that the plaintiff is not entitled to recover under any of the stated legal authority.

31.    Defendant admits the allegations in paragraph 31 of the complaint.

## FACTUAL ALLEGATIONS

32.    Defendant admits the allegations in paragraph 32 of the complaint.

33.    Defendant admits the allegations in the first sentence of paragraph 33 of the complaint.  Defendant admits that many protests occurred in Minneapolis.  Defendant admits that some of the protests, occurred at Cup Foods in Minneapolis.  The allegation

that "[m]any of these protests" occurred at Cup Foods, is too vague to allow responsive pleading and Defendant, therefore, denies the allegation.

34.    Upon information and belief, Defendant admits the allegations in paragraph 34 of the complaint in so far as they relate to the force used on George Floyd.

35.    Defendant admits the allegations in the first sentence of paragraph 35 of the complaint. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 35 of the complaint and he, therefore, denies those allegations.

36.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 36 of the complaint and he, therefore, denies those allegations.

37.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 37 of the complaint and he, therefore, denies those allegations.

38.    Defendant admits the allegations in the first sentence of paragraph 38 of the complaint.  Defendant admits that certain members of Unit 1281 used 40mm less-lethal launchers.  The allegation that the less-lethal launchers were "used in support of other units" is too vague to allow for responsive pleading and Defendant, therefore, denies the allegation.  Defendant admits that the white van used by Unit 1281 was unmarked. Defendant admits that members of Unit 1281 wore gas masks and black tactical gear, including a vest that was marked with patches stating "MINNEAPOLIS POLICE" on multiple locations and, upon information and belief,  the patch would not be entirely

obscured by any items. Defendant affirmatively alleges that all of the members of Unit 1281 wore blue MPD uniform shirts with arm patches for the Minneapolis Police Department.

39.    Defendant admits that certain members of Unit 1281 used black-barreled 40mm launchers on May 30, 2020. Defendant admits that certain members of Unit 1281 used a variety of 40mm less-lethal rounds on the evening of May 30, 2020. The term "civilian" is too vague to allow responsive pleading, as it is unclear whether the term "civilian" draws any distinction related to whether the individual was engaged in criminal activity, those allegations are, therefore, denied.

40.    Defendant admits that some of the possible effects of the 40mm launcher are anxiety and fear, and pain compliance by subjects. Defendant denies any remaining allegations in paragraph 40 of the complaint.

41.    Defendant admits the allegations in paragraph 41 of the complaint.

42.    Defendant admits the allegations in paragraph 42 of the complaint.

43.    The term "civilian" is too vague to allow responsive pleading, as it is unclear whether the term "civilian" draws any distinction related to whether the individual was engaged in criminal activity, those allegations are therefore denied. Defendant admits that Officers Cushenberry, Stetson and Dauble carried 40mm launchers on the evening of May 30, 2020. Upon information and belief, Defendant admits that 40mm rounds were used on the evening of May 30, 2020, but regarding which member of Unit 1281 used the 40mm launchers and he, therefore, denies the remaining allegations in paragraph 43 of the complaint.

44.     The term "civilian" is too vague to allow responsive pleading, as it is unclear whether the term "civilian" draws any distinction related to whether the individual was engaged in criminal activity, those allegations are therefore denied. The allegations that officers fired "many" 40mm rounds or did not use "less- or non-forceful alternatives" are too vague to allow for responsive pleading and Defendant, therefore, denies those allegations. Upon information and belief, Defendant admits that certain members of Unit 1281 fired 40mm rounds. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 44 of the complaint and he, therefore, denies those allegations.

45.     Defendant denies the allegations in paragraph 45 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 45 of the complaint that relate to other officers and he, therefore, denies those allegations.

46.     The allegations in paragraph 46 of the complaint relating to "vicinity" of Lake Street and Pillsbury Avenue and "approximately one hour before encountering Mr. Stallings" are too vague to allow for responsive pleading and Defendant, therefore, denies the allegations in paragraph 46 of the complaint. Defendant admits that at a certain time on May 30, 2020, Unit 1281 was near Lake Street and Pillsbury Avenue. Defendant admits that a large group was present but denies that the group was lawfully assembled in a protest.

47.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 47 of the complaint he, therefore, denies those

allegations. Defendant affirmatively alleges that those gathered in a large group were engaged in unlawful conduct.

48. Defendant affirmatively alleges that Lt. Mercil was not a supervisor of Unit 1281. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 47 of the complaint he, therefore, denies those allegations.

49. Defendant admits the allegations in paragraph 49 of the complaint.

50. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 50 of the complaint and he, therefore, denies those allegations.

51. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 51 of the complaint and he, therefore, denies those allegations.

52. Defendant denies that Lt. Mercil issued any orders to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 52 of the complaint and he, therefore, denies those allegations.

53. Defendant denies that any member of Unit 1281 was under Lt. Mercil's supervision or command, or that any member of Unit 1281 used a 40mm round or force under his supervision or command. Defendant lacks knowledge and information sufficient to form a belief about the truth of any remaining allegations in paragraph 53 of the complaint and he, therefore, denies those allegations.

54.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 54 of the complaint regarding Lieutenant Mercil and other unidentified supervising officers and he, therefore, denies those allegations.

55.    Defendant admits that Sgt. Bittell stated "wait" and something to the effect of "draw them in" in the vicinity of Lake Street and Pillsbury Avenue. Defendant denies that Sgt. Bittell's comment related to "protestors" as alleged in paragraph 55 of the complaint. Defendant admits that officers did not shoot 40mm projectiles in response to Sgt. Bittell's comments. Defendant denies any remaining allegations in paragraph 55 of the complaint.

56.    The allegation in paragraph 56 of the complaint that Sgt. Bittell directed his team "[t]hroughout the evening" in regards to "civilians" is too vague to allow for responsive pleading and Defendant, therefore, denies the allegation. The term "civilian" is too vague to allow responsive pleading, as it is unclear whether the term "civilian" draws any distinction related to whether the individual was engaged in criminal activity, those allegations are, therefore, denied. Defendant lacks knowledge and information sufficient to form a belief about the truth of any remaining allegations in paragraph 56 of the complaint and he, therefore, denies those allegations.

57.    Defendant denies the allegations in paragraph 57 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 57 of the complaint and he, therefore, denies those allegations.

58.    Defendant denies that the individuals near Lake Street and Pillsbury were "protestors" as alleged in paragraph 58 of the complaint, and affirmatively alleges that those individuals were unlawfully present in violation of lawfully imposed curfew orders. Defendant denies any remaining allegations in paragraph 58 of the complaint.

59.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 59 of the complaint and he, therefore, denies the allegations.

60.    The allegations in paragraph 60 of the complaint relating to "many" 40 mm rounds, a "significant" distance, and "civilians" are too vague to allow for responsive pleading and Defendant, therefore, denies the allegation. Defendant denies that 40 mm projectiles were used on "protestors" as alleged in paragraph 60 of the complaint, and affirmatively alleges that the large group was unlawfully present in violation of lawfully imposed curfew orders.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 60 of the complaint and he, therefore, denies the allegations.

61.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 61 of the complaint and he, therefore, denies the allegations.

62.    Defendant admits he spoke with Lt. Mercil.  Defendant denies the remaining allegations in paragraph 62 of the complaint.

63.    Defendant admits that Lt. Mercil stated it was time to put people, who were committing crimes, in jail.  Defendant denies the remaining allegations in paragraph 63 of the complaint.

64.    Defendant admits the allegations in paragraph 64 of the complaint.

65.    Defendant admits that Lt. Mercil commented something to the effect that the group of individuals that were unlawfully assembled were probably predominantly white because there was not looting and fires.  Defendant denies any remaining allegations in paragraph 65 of the complaint.

66.    Defendant denies the allegation in paragraph 66 of the complaint that he agreed with Lt. Mercil's comment.  Defendant admits that he commented that the people he had interacted with were white and from Minneapolis.

67.    Defendant denies the allegations in paragraph 67 of the complaint.

68.    Defendant denies the allegation in paragraph 68 of the complaint in so far as it relates to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 68 of the complaint and he, therefore, denies the allegations.

69.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 69 of the complaint in so far as they relate to "other officers" or other members of Unit 1281 and he, therefore, denies the allegations. The term "civilian" is too vague to allow responsive pleading, as it is unclear whether the term "civilian" draws any distinction related to whether the individual was engaged in criminal

activity, those allegations are, therefore, denied.  Defendant admits that he used reasonable force on a member of Plaintiff's group who, upon information and belief, is Black.

70.     The allegation in paragraph 70 of the complaint relating to the "surrounding time period" is too vague to allow for responsive pleading and Defendant, therefore, denies the allegation.   Defendant denies the remaining allegations in paragraph 70 of the complaint in so far as they relate to descriptions provided by Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 70 of the complaint in so far as they relate to other officers and he, therefore, denies the allegations.

71.     Defendant denies the allegations in paragraph 71 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 71 of the complaint in so far as they relate to how other officers described Plaintiff or others in his group and he, therefore, denies the allegations.  Upon information and belief, Defendant affirmatively alleges that other members of Unit 1281 observed Plaintiff unlawfully shooting lethal bullets from a gun toward police officers on May 30, 2020.

72.     The allegations in paragraph 72 of the complaint relating to "looting" and "rioting" call for a legal conclusion to which no response is required, but to the extent a response is deemed to be required, the allegation is denied. Additionally, Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 72 of the complaint in so far as they relate to others' observations and he, therefore, denies the allegations. Upon information and belief, Defendant affirmatively

alleges that other members of Unit 1281 observed Plaintiff shoot three lethal bullets toward police officers while Plaintiff was in violation of curfew orders.

73.    The allegations in paragraph 73 of the complaint relating to "looting" and "rioting" call for a legal conclusion to which no response is required, but to the extent a response is deemed to be required, the allegation is denied. Additionally, Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 73 of the complaint in so far as they relate to others' observations and he, therefore, denies the allegations.  Upon information and belief, Defendant affirmatively alleges that Plaintiff shot three lethal bullets toward police officers while Plaintiff was in violation of curfew orders.

74.    Defendant admits the allegations in paragraph 74 of the complaint.

75.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 75 of the complaint and he, therefore, denies the allegations.

76.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 76 of the complaint and he, therefore, denies the allegations.

77.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 77 of the complaint and he, therefore, denies the allegations.

78.    Defendant denies the allegations in paragraph 78 of the complaint in so far as it related to Defendant.  Defendant lacks knowledge and information sufficient to form

a belief about the truth of the remaining allegations in paragraph 78 of the complaint and he, therefore, denies the allegations.

79.    Defendant denies the allegations in the last sentence of paragraph 79 of the complaint in so far as it relates to Defendant.  Defendant admits the allegations in paragraph 79 of the complaint, except that the quoted language ends with "40s" not "40[mm rounds]" and, upon information and belief, other officers responded with relief, not laughter and enthusiasm.

80.    Upon information and belief, Defendant denies the allegations in paragraph 80 of the complaint.

81.    Defendant denies the allegations in the last sentence of paragraph 81 of the complaint in so far as it relates to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 81 of the complaint in so far as they relate to what other officers "admitted" and he, therefore, denies the allegations.

82.    Defendant denies the allegations in the last sentence of paragraph 82 of the complaint in so far as it relates to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 82 of the complaint and he, therefore, denies the allegations.

83.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 83 of the complaint and he, therefore, denies the allegations.

84.    Defendant denies the allegations in the last sentence of paragraph 82 of the complaint in so far as it relates to Defendant.  Upon information and belief, Defendant otherwise denies the allegations in paragraph 84 of the complaint.

85.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 85 of the complaint and he, therefore, denies the allegations.

86.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 86 of the complaint and he, therefore, denies the allegations.

87.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 87 of the complaint and he, therefore, denies the allegations.

88.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the last sentence of paragraph 88 of the complaint and he, therefore, denies the allegations.  Defendant admits the remaining allegations in paragraph 88 of the complaint.

89.    Defendant admits the allegations in paragraph 89 of the complaint, except that the emergency lights were activated when traveling through intersections with a red traffic light.

90.    Defendant admits the allegations in paragraph 90 of the complaint in so far as the allegations relate to operations unrelated to the May 2020 riots and the allegations

relate to the subject of high-risk search warrants, not the "community". Any remaining allegations in paragraph 90 of the complaint are denied.

91.    Defendant admits that the van used by Unit 1281 did not have a light bar or markings as alleged in paragraph 91 of the complaint. Defendant denies the remaining allegations in paragraph 91 of the complaint. Defendant affirmatively alleges that the van did not look like a civilian van, owing, in part, to the fact that uniformed police officers were visible from the open sliding door on the van and the fact that the van was part of a caravan of law enforcement vehicles, including squad cars that were marked and equipped with light bars.

92.    Defendant admits the allegations in paragraph 92 of the complaint.

93.    Defendant admits that Sgt. Bittell told one other car to slow down, while Unit 1281 was driving, but affirmatively alleges that the purpose was to allow other marked squad cars to catch up to Unit 1281 so they could follow behind Unit 1281. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 93 of the complaint and he, therefore, denies the allegations.

94.    Defendant admits the allegations in the first sentence of paragraph 94 of the complaint. Defendant denies the allegations in the second sentence of paragraph 94 of the complaint. The allegation in paragraph 94 of the complaint that officers fired "many" 40mm rounds "toward the civilians" is too vague to allow for responsive pleading and Defendant, therefore, denies the allegation. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in the last sentence

of paragraph 94 of the complaint, including in so far as they relate to "civilians" that "fled" and he, therefore, denies those allegations.

95.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 95 of the complaint and he, therefore, denies those allegations.

96.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 96 of the complaint and he, therefore, denies those allegations.

97.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 97 of the complaint and he, therefore, denies those allegations.

98.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 98 of the complaint and he, therefore, denies those allegations.

99.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 99 of the complaint and he, therefore, denies those allegations.

100.    Defendant admits the allegations in paragraph 100 of the complaint.

101.    Defendant admits than an officer said "sidewalks" and "runners."  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 101 of the complaint and he, therefore, denies those allegations.

102.    Defendant denies the allegations in the first and second sentences of paragraph 102 of the complaint.  Defendant denies that no one was actively breaking into businesses or causing civil disruptions as alleged in paragraph 102 of the complaint.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 102 of the complaint and he, therefore, denies those allegations.

103.    Defendant denies the allegation in the first sentence of paragraph 103 of the complaint.  Defendant denies the allegation in the second sentence of paragraph 103 in so far as it relates to looting, rioting and violent behavior.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 103 of the complaint and he, therefore, denies those allegations.

104.    Defendant admits the allegations in paragraph 104 of the complaint.

105.    The term "civilian" is too vague to allow responsive pleading, as it is unclear whether the term "civilian" draws any distinction related to whether the individual was engaged in criminal activity, those allegations are therefore denied.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 105 of the complaint and he, therefore, denies those allegations.

106.    Defendant admits the allegations in the first sentence of paragraph 106 of the complaint.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 106 of the complaint in so far as it relates to Sgt. Bittell's observations and he, therefore, denies those allegations.  Defendant denies the allegations in the last sentence of paragraph 106 of the complaint.

107.    The term "civilian" is too vague to allow responsive pleading, as it is unclear whether the term "civilian" draws any distinction related to whether the individual was engaged in criminal activity, those allegations are therefore denied.  Defendant admits the allegations in the last sentence of paragraph 107 of the complaint if the word "civilians" is replaced with "individuals."   Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 107 of the complaint and he, therefore, denies the allegations.

108.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 108 of the complaint and he, therefore, denies those allegations.

109.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 109 of the complaint and he, therefore, denies those allegations.

110.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 110 of the complaint in so far as they relate to the observations of other officers and he, therefore, denies those allegations.

111.    Defendant admits the allegation in paragraph 111 of the complaint, except that the allegation excludes the word "lot" from the phrase "parking lot."

112.    Defendant denies the allegation in paragraph 112 of the complaint.

113.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 113 of the complaint in so far as they relate to what

Sgt. Bittell saw and he, therefore, denies the allegations.    Defendant denies the remaining allegations in paragraph 113 of the complaint.

114.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 114 of the complaint and he, therefore, denies those allegations.

115.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 115 of the complaint and he, therefore, denies the allegations.

116.    The allegations in paragraph 116 regarding a level of offense calls for a legal conclusion to which no response is required. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 116 of the complaint and he, therefore, denies the allegations.

117.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 117 of the complaint and he, therefore, denies the allegations.

118.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 118 of the complaint and he, therefore, denies the allegations.

119.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 119 of the complaint and he, therefore, denies the allegations.

120.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 120 of the complaint and he, therefore, denies the allegations.

121.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 121 of the complaint and he, therefore, denies the allegations.

122.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 122 of the complaint and he, therefore, denies the allegations.

123.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 123 of the complaint and he, therefore, denies the allegations.

124.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 124 of the complaint and he, therefore, denies the allegations.

125.    Defendant admits that green marking rounds are generally used to stop a suspect from engaging in certain unlawful conduct and generally used to identify the suspect for arrest later by officers.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 125 of the complaint and he, therefore, denies the allegations.

126.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 126 of the complaint and he, therefore, denies the allegations.

127.    Defendant denies the allegations in paragraph 127 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 127 of the complaint and he, therefore, denies the allegations.

128.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 128 of the complaint and he, therefore, denies the allegations.

129.    Defendant admits that after Plaintiff fired three lethal gunshots, multiple officers yelled "shots fired" and officers exited the SWAT van. Defendant admits that he exited the SWAT van with a lethal weapon drawn. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 129 of the complaint and he, therefore, denies the allegations.

130.    Upon information and belief, numerous marked squad cars were behind the SWAT van used by Unit 1281. Defendant denies the allegations in the last sentence of paragraph 130 of the complaint.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 130 of the complaint and he, therefore, denies the allegations.

131.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 131 of the complaint and he, therefore, denies the allegations.

132.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 132 of the complaint and he, therefore, denies the allegations.

133.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 133 of the complaint and he, therefore, denies the allegations.

134.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 134 of the complaint and he, therefore, denies the allegations.

135.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 135 of the complaint and he, therefore, denies the allegations.  Defendant, however, admits that Plaintiff had a firearm with him on the evening of May 30, 2020.

136.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 136 of the complaint and he, therefore, denies the allegations.

137.   The term "civilian" is too vague to allow responsive pleading, as it is unclear whether the term "civilian" draws any distinction related to whether the individual was engaged in criminal activity, those allegations are therefore denied.  Defendant admits the

allegations in paragraph 137 of the complaint if the word "civilians" is replaced with the word "individuals."

138.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 138 of the complaint and he, therefore, denies the allegations.

139.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 139 of the complaint and he, therefore, denies the allegations.

140.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 140 of the complaint and he, therefore, denies the allegations.

141.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 141 of the complaint and he, therefore, denies the allegations.

142.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 142 of the complaint and he, therefore, denies the allegations.

143.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 143 of the complaint and he, therefore, denies the allegations.

144.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 144 of the complaint and he, therefore, denies the allegations.

145.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 145 of the complaint and he, therefore, denies the allegations.

146.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 146 of the complaint and he, therefore, denies the allegations.

147.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 147 of the complaint and he, therefore, denies the allegations.

148.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 148 of the complaint and he, therefore, denies the allegations.

149.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 149 of the complaint and he, therefore, denies the allegations.

150.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 150 of the complaint and he, therefore, denies the allegations.

151.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 151 of the complaint and he, therefore, denies the allegations.

152.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 152 of the complaint and he, therefore, denies the allegations.

153.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 153 of the complaint and he, therefore, denies the allegations.

154.    Defendant admits that the van used by Unit 1281 did not have any apparent markings.    The allegation in paragraph 154 of the complaint relating to "unusual equipment" and "civilian delivery van" are too vague to allow for responsive pleading and Defendant, therefore, denies the allegation. Defendant denies the remaining allegations in paragraph 154 of the complaint.

155.    Defendant admits the allegations in paragraph 155 of the complaint.

156.    The allegation in paragraph 156 of the complaint that the interior of the van was "dark" is too vague to allow for responsive pleading and Defendant, therefore, denies the allegation.  Defendant admits that the members of Unit 1281 wore black tactical gear, including a vest that was marked with patches stating "MINNEAPOLIS POLICE" on multiple locations.  Defendant affirmatively alleges that all of the members of Unit 1281 wore blue MPD uniform shirts with arm patches for the Minneapolis Police Department.

157.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 157 of the complaint and he, therefore, denies the allegations.  Defendant denies the allegations in the second sentence of paragraph 157 of the complaint.

158.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 158 of the complaint and he, therefore, denies the allegations.

159.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 159 of the complaint and he, therefore, denies the allegations.

160.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 160 of the complaint, particularly Plaintiff's belief, and he, therefore, denies the allegations.

161.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 161 of the complaint and he, therefore, denies the allegations.

162.    Defendant admits that Plaintiff fired three gunshots from a lethal firearm. Upon information and belief, Defendant admits that one of the gun shots hit the ground near the Unit 1281 van.  Upon information and belief, Defendant denies that the remaining gun shots from Plaintiff were fired toward the ground as alleged in paragraph 162 of the complaint.

163.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 163 of the complaint and he, therefore, denies the allegations.

164.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 164 of the complaint and he, therefore, denies the allegations.

165.    Defendant admits the allegation in paragraph 165 of the complaint that Plaintiff fired three gunshots.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 165 of the complaint and he, therefore, denies the allegations.

166.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 166 of the complaint and he, therefore, denies the allegations.

167.    Defendant admits the allegations in paragraph 167 of the complaint that officers yelled "shots fired," the van stopped, and officers exited the van.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 167 of the complaint and he, therefore, denies the allegations.

168.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 168 of the complaint and he, therefore, denies the allegations.

169.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 169 of the complaint and he, therefore, denies the allegations.

170.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 170 of the complaint and he, therefore, denies the allegations.

171.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 171 of the complaint and he, therefore, denies the allegations.

172.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 172 of the complaint and he, therefore, denies the allegations.

173.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 173 of the complaint and he, therefore, denies the allegations.

174.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 174 of the complaint and he, therefore, denies the allegations.

175.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 175 of the complaint and he, therefore, denies the allegations.

176.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 176 of the complaint and he, therefore, denies the allegations.

177.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 177 of the complaint and he, therefore, denies the allegations.

178.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 178 of the complaint and he, therefore, denies the allegations.

179.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 179 of the complaint and he, therefore, denies the allegations.

180.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 180 of the complaint and he, therefore, denies the allegations.

181.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 181 of the complaint and he, therefore, denies the allegations.

182.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 182 of the complaint and he, therefore, denies the allegations.

183.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 183 of the complaint and he, therefore, denies the allegations.

184.    Defendant denies the allegation in paragraph 184 of the complaint that a member of Plaintiff's group was tased despite having surrendered.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 184 of the complaint and he, therefore, denies the allegations.

185.    Upon information and belief, Defendant denies that an officer that used a taser on another subject reported the force to Sgt. Bittell and, upon that basis, Defendant denies the allegations in paragraph 185 of the complaint.

186.    Defendant denies the allegations in paragraph 186 of the complaint.

187.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 187 of the complaint and he, therefore, denies the remaining allegations.

188.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 188 of the complaint and he, therefore, denies the allegations.

189.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 189 of the complaint and he, therefore, denies the allegations.

190.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 190 of the complaint and he, therefore, denies the allegations.

191.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 191 of the complaint and he, therefore, denies the allegations.

192.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 192 of the complaint and he, therefore, denies the allegations.

193.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 193 of the complaint and he, therefore, denies the allegations.

194.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 194 of the complaint and he, therefore, denies the allegations.

195.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 195 of the complaint and he, therefore, denies the allegations.

196.    Defendant admits the allegations in the first sentence of paragraph 196 of the complaint.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 196 of the complaint and he, therefore, denies the allegations.

197.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 197 of the complaint and he, therefore, denies the allegations.

198.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 198 of the complaint and he, therefore, denies the allegations.

199.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 199 of the complaint and he, therefore, denies those allegations.

200.    Defendant admits that paragraph 200 of the complaint partially quotes MPD policy and procedure manual section 5-303.01.

201.    Defendant denies the allegations in paragraph 201 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 201 of the complaint and he, therefore, denies those allegations.

202.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 202 of the complaint and he, therefore, denies those allegations.

203.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 203 of the complaint and he, therefore, denies those allegations.

204.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 204 of the complaint and he, therefore, denies those allegations.

205.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 205 of the complaint and he, therefore, denies those allegations.

206.    Defendant denies the allegations in paragraph 206 of the complaint regarding a "pattern." Defendant denies the allegations in paragraph 206 of the complaint in so far as they relate to the Defendant.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 206 of the complaint and he, therefore, denies those allegations.

207.    Defendant denies the allegations in paragraph 207 of the complaint in so far as they relate to the Defendant.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 207 of the complaint and he, therefore, denies those allegations.

208.    Defendant alleges that the first sentence in paragraph 208 of the complaint incompletely quotes portions of section 9-103(A) of the MPD policy and procedure manual. Defendant admits the allegations in the second sentence of paragraph 208 of the complaint.

209.    Defendant admits the allegations in paragraph 209 of the complaint.

210.    Defendant admits the allegations in paragraph 210 of the complaint.

211.    Defendant admits the allegations in paragraph 211 of the complaint.

212.    The allegations in paragraph 212 are too vague to allow for responsive pleadings, and seek a legal conclusion to which no response is required, but to the extent a response is deemed to be required, the allegations are denied.

213.    Defendant denies the allegations in paragraph 213 in so far as they assume that Defendant used improper force on May 30, 2020. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 213 of the complaint in so far as they relate to other officers' alleged use of improper force on May 30, 2020, and he, therefore, denies those allegations.  Defendant otherwise admits the allegations in paragraph 213 of the complaint.

214.    Defendant denies the allegation in paragraph 214 of the complaint, but affirmatively alleges that the quoted language appears in MPD policy and procedure manual section 5-301(A).

215.    Defendant admits the allegations in paragraph 215 of the complaint.

216.    Defendant admits the allegations in the first and last sentences of paragraph 216 of the complaint.   Defendant alleges that paragraph 216 provides an imprecise description of MPD policy and procedure manual 5-303 which was in place in May 2020, which stated, in part:

> In addition to Minn. Stat. §609.06 sub. 1, MPD policies shall utilize the United States Supreme Court decision in Graham vs Connor as a guideline for reasonable force.
> The Graham vs Connor case references that:
>
> "Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, its proper application requires careful attention to the facts and circumstances of each particular case, including:

- The severity of the crime at issue,
- Whether the suspect poses an immediate threat to the safety of the officers or others, and;
-  Whether he is actively resisting arrest or attempting to evade arrest by flight.

The "reasonableness" of a particular use of force must be judged from the perspective of the reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation."

Authorized use of force requires careful attention to the facts and circumstances of each case.

217.    Defendant alleges that paragraph 217 of the complaint partially, but incompletely quotes section 5-304(A) of the MPD policy and procedure manual. Defendant affirmatively alleges that section 5-304(A), which was in place in May 2020, stated, in part: "As an alternative and/or the precursor to the actual use of force, MPD officers shall consider verbally announcing their intent to use force, including displaying an authorized weapon as a threat of force, when reasonable under the circumstances."

218.    Defendant alleges that paragraph 218 of the complaint partially, but incompletely quotes and describes section 5-304(B) of the MPD policy and procedure manual in place in May 2020.   The full language of the policy provision speaks for itself.

219.    Defendant alleges that paragraph 219 of the complaint partially, but incompletely describes section 5-305(A) of the MPD policy and procedure manual in place in May 2020.  Section 5-305(A) stated:

Minn. Stat. §609.066 sub. 2 – "The use of deadly force by a peace officer in the line of duty is justified only when necessary:

•To protect the peace officer or another from apparent death or great bodily harm;
•To effect the arrest or capture, or prevent the escape, of a person whom the peace officer knows or has reasonable grounds to believe has committed or attempted to commit a felony involving the use or threatened use of deadly force, or;
•To effect the arrest or capture, or prevent the escape, of a person who the officer knows or has reasonable grounds to believe has committed or attempted to commit a felony if the officer reasonably believes that the person will cause death or great bodily harm if the person's apprehension is delayed."

220.    Defendant admits the allegations in paragraph 220 of the complaint, but affirmatively alleges that the full language of the policy provision speaks for itself.

221.    Defendant admits the allegations in paragraph 221 of the complaint, but affirmatively alleges that the full language of the policy provision speaks for itself.

222.    Defendant admits the allegations in paragraph 222 of the complaint, but affirmatively alleges that the full language of the policy provision speaks for itself.

223.    Defendant admits that section 5-312 of the MPD policy and procedure manual in place in May 2020, stated in part:

Unless there is an immediate need to protect oneself or another from apparent physical harm, sworn MPD employees shall refrain from deploying any less-lethal or non-lethal weapons upon any individuals involved in a civil disturbance until it has been authorized by the on-scene incident commander.

The full language of the policy provision speaks for itself, and Defendant denies any discrepancies as alleged in paragraph 223 of the complaint.

224.    Defendant admits the allegations in paragraph 224 of the complaint.

225.    Defendant admits the allegations in paragraph 225 of the complaint.

226.    Defendant admits the allegations in the first and last sentence of paragraph 226 of the complaint.  Defendant denies that the second sentence is a completely accurate recitation of the cited policy.  The full language of the policy provision speaks for itself, and Defendant denies any discrepancies as alleged in paragraph 226 of the complaint.

227.    Defendant admits the allegations in paragraph 227 of the complaint.

228.    Defendant admits the allegations in paragraph 228 of the complaint.

229.    Defendant alleges that paragraph 229 of the complaint partially, but incompletely quotes and describes section 5-317(IV)(C)(3) of the MPD policy and procedure manual in place in May 2020.   The full language of the policy provision speaks for itself.

230.    Defendant denies the allegations in paragraph 230 of the complaint. Defendant affirmatively alleges that paragraph incompletely, and therefore inaccurately, quotes section 5-317(IV)(C)(4) of the MPD policy and procedure in place in May 2020.

231.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 231 of the complaint and he, therefore, denies the allegations.

232.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 232 of the complaint and he, therefore, denies the allegations.

233.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 233 of the complaint and he, therefore, denies the allegations.

234.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 234 of the complaint and he, therefore, denies the allegations.

235.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 235 of the complaint and he, therefore, denies the allegations.

236.    The allegation in paragraph 236 of the complaint are too vague to allow for responsive pleading, particularly with respect to the meaning of "available alternatives" and Defendant, therefore, denies the allegation.

237.    Defendant denies the allegations in paragraph 237 of the complaint.

238.    Defendant admits that Unit 1281 did not verbally announce their status as law enforcement as alleged in paragraph 238 of the complaint.  Defendant denies the remaining allegations in paragraph 238 of the complaint.

239.    Upon information and belief, Defendant admits the allegation in last sentence of paragraph 239 of the complaint.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 239 of the complaint and he, therefore, denies the allegations.

240.    Defendant admits the allegations in the second sentence of paragraph 240 of the complaint.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 240 of the complaint and he, therefore, denies the allegations.

241.    Defendant denies the allegation in the first sentence of paragraph 241 of the complaint in so far it assumes that officers did not observe Plaintiff's group before using force.  Defendant denies the allegations in so far as they relate to the Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 241 of the complaint and he, therefore, denies the allegations.

242.    The allegations in paragraph 242 of the complaint are too vague to allow for responsive pleadings in so far as the use of the word "quickly" is vague and ambiguous in terms of a temporal period.  Defendant admits that officers responded to the parking lot.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 242 of the complaint and he, therefore, denies the allegations.

243.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 243 of the complaint and he, therefore, denies the allegations.

244.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 244 of the complaint and he, therefore, denies the allegations.

245.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 245 of the complaint and he, therefore, denies the allegations.

246.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 246 of the complaint and he, therefore, denies those allegations.

247.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 247 of the complaint and he, therefore, denies those allegations.

248.    Defendant denies that officers on the scene were asked about whether they had "shot" Plaintiff with a 40mm round as implied in paragraph 248 of the complaint. Defendant affirmatively alleges that officers were asked if they had shot Plaintiff with "bullets," not less-lethal 40mm rounds, and that officers denied shooting bullets at Plaintiff. Defendant denies any remaining allegations in paragraph 248 of the complaint.

249.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 249 of the complaint and he, therefore, denies those allegations.

250.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 250 of the complaint and he, therefore, denies those allegations.

251.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 251 of the complaint and he, therefore, denies the remaining allegations.

252.    Defendant admits the allegations in the first sentence of paragraph 252 of the complaint.  Defendant denies the allegations in the second sentence of paragraph 252 in so

far as they relate to or imply any planning or supervision of the activities of the MPD
SWAT team or Unit 1281. Defendant lacks knowledge and information sufficient to form
a belief about the truth of the remaining allegations in paragraph 252 of the complaint and
he, therefore, denies the remaining allegations.

253.    Defendant lacks knowledge and information sufficient to form a belief about
the truth of the allegations in paragraph 253 of the complaint and he, therefore, denies the
allegations.

254.    Defendant lacks knowledge and information sufficient to form a belief about
the truth of the allegations in paragraph 254 of the complaint and he, therefore, denies the
allegations.

255.    Defendant lacks knowledge and information sufficient to form a belief about
the truth of the allegations in paragraph 255 of the complaint and he, therefore, denies the
allegations.

256.    Defendant lacks knowledge and information sufficient to form a belief about
the truth of the allegations in paragraph 256 of the complaint and he, therefore, denies the
allegations.

257.    Defendant lacks knowledge and information sufficient to form a belief about
the truth of the allegations in paragraph 257 of the complaint and he, therefore, denies the
allegations.

258.    Defendant lacks knowledge and information sufficient to form a belief about
the truth of the allegations in paragraph 258 of the complaint and he, therefore, denies the
allegations.

259.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 259 of the complaint and he, therefore, denies the allegations.

260.    Defendant admits the allegation in the first sentence of paragraph 260 of the complaint.  Defendant denies the remaining allegations in paragraph 260 of the complaint in so far as they relate to the Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 260 of the complaint in so far as they relate to other officers and he, therefore, denies the remaining allegations.

261.    Defendant denies the allegations in paragraph 261 of the complaint in so far as they relate to the Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 261 of the complaint in so far as they relate to other officers and he, therefore, denies the remaining allegations.

262.    Defendant denies the allegations in paragraph 262 of the complaint in so far as they relate to the Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 262 of the complaint and he, therefore, denies the allegations.

263.    Defendant denies the allegations in paragraph 263 of the complaint in so far as they relate to the Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 263 of the complaint and he, therefore, denies the allegations.

264.    Defendant denies the allegations in paragraph 264 of the complaint in so far as they relate to the Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 264 of the complaint and he, therefore, denies the remaining allegations.

265.    Defendant denies the allegations in paragraph 265 of the complaint in so far as they relate to the Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 265 of the complaint and he, therefore, denies the remaining allegations.

266.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 266 of the complaint and he, therefore, denies the allegations.

267.    Upon information and belief, Defendant admits the allegations in the first sentence of paragraph 267.  Defendant admits the Sergeants Jensen and Heyer acted as investigators.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 267 of the complaint and he, therefore, denies the remaining allegations.

268.    Defendant denies that any videos within his personal knowledge showed that Defendant made false statements or reports.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 268 of the complaint and he, therefore, denies the allegations.

269.    Defendant denies that any videos within his personal knowledge showed that Defendant failed to report material facts.  Defendant lacks knowledge and information

sufficient to form a belief about the truth of the allegations in paragraph 269 of the complaint and he, therefore, denies the allegations.

270.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 270 of the complaint and he, therefore, denies the allegations.

271.    Defendant denies the allegations in paragraph 271 of the complaint.

272.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 272 of the complaint and he, therefore, denies the allegations. Upon information and belief, Defendant denies that an alleged green mark on Plaintiff's sweatshirt would reveal the timing of when the round was fired relative to when Plaintiff fired lethal bullets at police officers.

273.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 273 of the complaint and he, therefore, denies the allegations.

274.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 274 of the complaint and he, therefore, denies the allegations.

275.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 275 of the complaint and he, therefore, denies the allegations.

276.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 276 of the complaint and he, therefore, denies the allegations.

277.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 277 of the complaint and he, therefore, denies the allegations.

278.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 278 of the complaint and he, therefore, denies those allegations.

279.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 279 of the complaint and he, therefore, denies those allegations.

280.    Defendant admits that Plaintiff fired three lethal gunshots toward the white SWAT van as alleged in paragraph 280 of the complaint.  Defendant denies the allegations in the first and second sentences of paragraph 280 of the complaint. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 280 of the complaint and he, therefore, denies those allegations.

281.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 281 of the complaint and he, therefore, denies the allegations.  Defendant denies any implication that he engaged in improper conduct.

282.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 282 of the complaint and he, therefore, denies the allegations.

283.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 283 of the complaint and he, therefore, denies the allegations.

284.    Upon information and belief, Defendant admits the allegations in paragraph 284 of the complaint only as regards to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 284 of the complaint and he, therefore, denies the allegations.

285.    Upon information and belief, Defendant admits the allegations in paragraph 285 of the complaint only as regards to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 284 of the complaint and he, therefore, denies the allegations.

286.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 286 of the complaint and he, therefore, denies the allegations.

287.    Defendant admits that Plaintiff was charged with attempted murder and assault, but lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in the first sentence or paragraph 287 of the complaint and he, therefore, denies those remaining allegations. Defendant denies that Defendant gave false or misleading statements regarding Plaintiff's actions. Defendant lacks knowledge and

information sufficient to form a belief about the truth of the remaining allegations in paragraph 287 of the complaint and he, therefore, denies the allegations.

288.    Defendant admits that Plaintiff was taken into custody as alleged in paragraph 288 of the complaint.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 288 of the complaint and he, therefore, denies the allegations.

289.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 289 of the complaint and he, therefore, denies those allegations.

290.    Defendant denies that he gave false or misleading statements regarding this incident. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 290 of the complaint and he, therefore, denies the allegations.

291.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 291 of the complaint and he, therefore, denies the allegations.

292.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 292 of the complaint and he, therefore, denies the allegations.

293.    Defendant denies the allegations in paragraph 293 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form

a belief about the truth of the remaining allegations in paragraph 293 of the complaint in so far as they relate to other officers and he, therefore, denies those allegations.

294.    Defendant admits the allegations in paragraph 294 of the complaint.

295.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 295 of the complaint and he, therefore, denies the allegations.

296.    Defendant denies the allegations in the first sentence of paragraph 296 of the complaint.  The remaining allegations in paragraph 296 of the complaint call for a legal conclusion to which no response is required, but to the extent a response is deemed to be required, the allegation is denied.

297.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 297 of the complaint and he, therefore, denies the allegations.

298.    Defendant denies that he gave a false or misleading account of the incident resulting in Plaintiff's arrest. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 298 of the complaint and he, therefore, denies the allegations.

299.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 299 of the complaint and he, therefore, denies the allegations.

300.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 300 of the complaint and he, therefore, denies the allegations.

301.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 301 of the complaint and he, therefore, denies the allegations.

302.    Defendant denies the allegations in paragraph 302 of the complaint.

303.    Upon information and belief, Defendant denies the allegations in paragraph 303 of the complaint.

304.    Upon information and belief, Defendant denies the allegations in paragraph 304 of the complaint.

305.    Upon information and belief, Defendant denies the allegations in paragraph 305 of the complaint.

306.    Upon information and belief, Defendant denies the allegations in paragraph 306 of the complaint.

307.    Defendant denies the allegations in paragraph 307 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 307 of the complaint and he, therefore, denies the allegations.

308.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 308 of the complaint and he, therefore, denies the allegations.

309.    Defendant denies the allegations in paragraph 309 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 309 of the complaint and he, therefore, denies the allegations.

310.    Upon information and belief, Defendant denies the allegations in paragraph 310 of the complaint.

311.    Defendant denies the allegations in paragraph 311 of the complaint. in so far as they relate to Defendant.  Upon information and belief, Defendant denies the remaining allegations in paragraph 311 of the complaint.

312.    The allegations in paragraph 312 of the complaint regarding "civilians" and targeting of the "torso" are too vague to allow for responsive pleading and Defendant, therefore, denies the allegations. Defendant denies the remaining allegations in paragraph 312 of the complaint.

313.    Upon information and belief, Defendant denies the allegations in paragraph 313 of the complaint.

314.    Upon information and belief, Defendant denies the allegations in paragraph 314 of the complaint.

315.    Upon information and belief, Defendant denies the allegations in paragraph 315 of the complaint.

316.    Defendant denies the allegations in the first sentence of paragraph 316 of the complaint in so far as they relate to Defendant.   Defendant lacks knowledge and

information sufficient to form a belief about the truth of the remaining allegations in paragraph 316 of the complaint and he, therefore, denies those allegations.

317.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 317 of the complaint and he, therefore, denies those allegations.

318.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 318 of the complaint and he, therefore, denies those allegations.

319.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 319 of the complaint and he, therefore, denies those allegations.

320.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 320 of the complaint and he, therefore, denies those allegations.

321.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 321 of the complaint and he, therefore, denies those allegations.

322.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 322 of the complaint and he, therefore, denies those allegations.

323.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 323 of the complaint and he, therefore, denies those allegations.

324.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 324 of the complaint and he, therefore, denies those allegations.

325.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 325 of the complaint and he, therefore, denies those allegations.

326.    Defendant denies the allegations in paragraph 326 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 326 of the complaint and he, therefore, denies the remaining allegations.

327.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 327 of the complaint in so far as they related to reports during the George Floyd protests and he, therefore, denies those allegations. Defendant denies the remaining allegations in paragraph 327 of the complaint.

328.    The allegations in paragraph 328 are too vague as to when MPD is alleged to have "appeared" to not undertake training to allow responsive pleading, those allegations, therefore, are denied.  Defendant lacks knowledge and information sufficient to form a belief as to whether the MPD "appeared" to undertake training and he, therefore,

denies those allegations.  Defendant denies any remaining allegations in paragraph 328 of the complaint.

329.    Defendant denies the allegations in paragraph 329 of the complaint in so far as they relate to the Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 329 of the complaint in so far as they relate to other officers or supervisors and he, therefore, denies those allegations.

330.    Upon information and belief, Defendant denies the allegations in paragraph 330 of the complaint.

331.    Upon information and belief, Defendant denies the allegations in paragraph 331 of the complaint.

332.    Defendant admits that Derek Chauvin used improper force on George Floyd on May 25, 2020.  Defendant denies the allegation in paragraph 332 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 332 of the complaint and he, therefore, denies the remaining allegations.

333.    Defendant denies the allegation in paragraph 333 of the complaint in so far as it relates to a "pattern of excessive force." Defendant denies the allegation in paragraph 333 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 333 of the complaint and he, therefore, denies the remaining allegations.

334.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 334 of the complaint and he, therefore, denies those allegations.

335.    Defendant denies the allegations in paragraph 335 of the complaint in so far as they relate to Defendant.  Upon information and belief, Defendant denies the remaining allegations in paragraph 335 of the complaint.

336.    Defendant denies the allegations in paragraph 336 of the complaint in so far as they relate to the Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth if the remaining allegations in paragraph 336 of the complaint and he, therefore, denies those allegations.

337.    Defendant denies the allegations in the first sentence of paragraph 337 of the complaint.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 337 of the complaint and he, therefore, denies the remaining allegations.

338.    Upon information and belief, Defendant denies the allegations in paragraph 338 of the complaint.  Defendant denies that improper force was used on Plaintiff.

339.    Upon information and belief, Defendant denies the allegations in the first sentence of paragraph 339 of the complaint.  Defendant admits that Derek Chauvin used improper force resulting in the death of George Floyd in 2020.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 339 of the complaint and he, therefore, denies the remaining allegations.

340.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 340 of the complaint and he, therefore, denies the allegations.

341.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 341 of the complaint and he, therefore, denies the allegations.

342.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 342 of the complaint and he, therefore, denies the allegations.  Defendant affirmatively alleges that the riots in May 2020 were unprecedented in terms of the violence and damage caused by rioters and looters. and, therefore, incomparable to other previous protests or riots. Defendant denies any remaining allegations in paragraph 342 of the complaint.

343.    Upon information and belief, Defendant denies the allegations in paragraph 343 of the complaint.

344.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 344 of the complaint and he, therefore, denies the remaining allegations.  Upon information and belief, Defendant denies the allegations in the second sentence of paragraph 344 of the complaint.

345.    Defendant denies the allegations in paragraph 345 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 345 of the complaint and he, therefore, denies the remaining allegations.

346.    Upon information and belief, Defendant denies the allegations in paragraph 346 of the complaint.

347.    Upon information and belief, Defendant denies the allegations in paragraph 347 of the complaint.

348.    Upon information and belief, Defendant denies the allegations in paragraph 348 of the complaint.

349.    Upon information and belief, Defendant denies the allegations in paragraph 349 of the complaint.

350.    Defendant denies the allegations in paragraph 350 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 350 of the complaint and he, therefore, denies those allegations.

351.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 351 of the complaint and he, therefore, denies the allegations.

352.    Upon information and belief, Defendant denies the allegations in the first sentence of paragraph 352 of the complaint.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 352 of the complaint and he, therefore, denies the remaining allegations.

353.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 353 of the complaint and he, therefore, denies the allegations.

354.    Defendant denies the allegations in paragraph 354 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 354 of the complaint and he, therefore, denies those allegations.

355.    Defendant denies the allegations in paragraph 355 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 355 of the complaint and he, therefore, denies those allegations.

356.    Defendant denies the allegations in paragraph 356 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 356 of the complaint and he, therefore, denies the allegations.

357.    Defendant denies the allegations in paragraph 357 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 357 of the complaint in so far as they relate to other officers and he, therefore, denies those allegations.

358.    Defendant denies the allegations in paragraph 358 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 358 and he, therefore, denies those allegations.

359.    Upon information and belief, Defendant admits the allegations in paragraph 359 of the complaint.

360.    Defendant admits that MPD policy required officers that used force to document a subject's injuries, if known and possible. Defendant denies the allegations in the second sentence of paragraph 360 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 360 of the complaint in so far as they relate to other officers and he, therefore, denies those allegations.

361.    Defendant admits the allegations in paragraph 361 of the complaint.

362.    Defendant admits the allegation in the first sentence of paragraph 362 of the complaint. Defendant admits the allegation in the second sentence of paragraph 362 of the complaint, except in so far as its use of a plural (public safety statements) implies that deactivation may only occur after multiple public safety statements are provided.

363.    Defendant admits the allegations in the first sentence of paragraph 363 of the complaint. Defendant admits the allegations in the second sentence of paragraph 363 of the complaint, except the qualification of "[u]pon that notification" and that the listed duties were "required."

364.    Defendant admits the allegations in the first sentence of paragraph 364 of the complaint. Defendant admits the allegations in the second sentence of paragraph 364 of the complaint, except that involved officers are permitted to speak with other officers at the scene as noted in the first paragraph of section 7-810.03 of the MPD policy and procedure manual and for the purpose of gathering information to provide a public safety statement to the incident commander and to determine if officers need medical attention.

365.    Defendant denies the allegations in paragraph 365 of the complaint.

366.   Defendant denies the allegations in paragraph 366 of the complaint.

367.   Defendant denies that paragraph 367 of the complaint accurately and completely describes section 5-317(IV)(F)(2) of the MPD policy and procedure manual. The full language of the policy provision speaks for itself.

368.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 368 of the complaint and he, therefore, denies the allegations.

369.   Defendant denies the allegations in paragraph 369 of the complaint.

370.   Defendant denies that the first sentence in paragraph 370 of the complaint accurately and completely describes section 5-306 of the MPD policy and procedure manual.  The full language of the policy provision speaks for itself.   Defendant admits the allegation in the second sentence of paragraph 370 in so far as it alleges that a supervisor shall not conduct a force review on their own use of force.

371.   Defendant denies that paragraph 371 of the complaint accurately and completely describes section 5-307 of the MPD policy and procedure manual, particularly to the extent it fails to address application of the critical incident policy.  The full language of the policy provision speaks for itself.

372.   Defendant denies the allegations in paragraph 372 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 372 of the complaint and he, therefore, denies those allegations.

373.    Defendant denies the allegations in paragraph 373 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 373 of the complaint and he, therefore, denies those allegations.

374.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 374 of the complaint and he, therefore, denies those allegations.

375.    Defendant denies the allegations in paragraph 375 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 375 of the complaint and he, therefore, denies those allegations.

376.    Defendant denies the allegations in paragraph 376 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining  allegations in paragraph 376 of the complaint and he, therefore, denies those allegations.

377.    Defendant denies the allegation in paragraph 377 of the complaint regarding the alleged existence of "overt instances of constitutional violations."  The term "disciplinary actions" is too vague to allow for responsive pleading, that allegation is, therefore, denied. Defendant admits the remaining allegations in paragraph 377 of the complaint.

378.    Defendant denies the allegation in paragraph 378 of the complaint regarding the existence of "constitutional violations committed by the involved officers." The phrase

"appeared to begin" as related to an "investigation" is too vague to allow for responsive pleading, that allegation is, therefore, denied.

379.    Defendant denies the allegations in paragraph 379 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 379 of the complaint and he, therefore, denies those allegations.

380.    Defendant denies the allegations in paragraph 380 of the complaint.

381.    Defendant admits that Robert Kroll held the rank of Lieutenant as alleged in paragraph 381 of the complaint.  Defendant admits that Robert Kroll was the president of the Police Officers Federation of Minneapolis, which was the union that represented MPD officers.  Defendant denies the allegations in the second and third sentences of paragraph 381 of the complaint. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 381 of the complaint and he, therefore, denies those allegations.

382.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 382 of the complaint and he, therefore, denies those allegations.

383.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 383 of the complaint and he, therefore, denies those allegations.

384.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 384 of the complaint and he, therefore, denies those allegations.

385.    Defendant denies the allegations in the last sentence of paragraph 385 of the complaint.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 385 of the complaint and he, therefore, denies the remaining allegations.

386.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 386 of the complaint and he, therefore, denies those allegations.

## COUNT I – 42 USC §1983 – Fourth Amendment Violations
### Involving Unlawful Seizure and Excessive Force

387.    Defendant realleges and incorporates his responses to the previous paragraphs of the complaint.

388.    Defendant admits that the defendants acted under color of law in their interaction with Plaintiff. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 388 of the complaint in so far as they relate to the "acts described herein" and he, therefore, denies those allegations.

389.    Defendant denies the allegations in paragraph 389 of the complaint in so far as they relate to the Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 389 of the complaint and he, therefore, denies those allegations.

390.    Defendant denies the allegations in paragraph 390 of the complaint in so far as it relates to orders provided to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 390 of the complaint and he, therefore, denies those allegations.

391.    Defendant denies the allegations in paragraph 391 of the complaint.

392.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 392 of the complaint and he, therefore, denies those allegations.

393.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 393 of the complaint and he, therefore, denies those allegations.

394.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 394 of the complaint and he, therefore, denies those allegations.

395.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 395 of the complaint and he, therefore, denies those allegations.

396.    Defendant denies the allegations in paragraph 396 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 396 of the complaint and he, therefore, denies those allegations.

397.    Defendant denies the allegations in paragraph 397 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 397 of the complaint and he, therefore, denies those allegations.

398.    Defendant denies the allegations in paragraph 398 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 398 of the complaint and he, therefore, denies those allegations.

399.    Defendant denies the allegations in paragraph 399 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 399 of the complaint and he, therefore, denies those allegations.

400.    Defendant denies the allegations in paragraph 400 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 400 of the complaint and he, therefore, denies those allegations.

401.    Defendant denies the allegations in paragraph 401 of the complaint.

### COUNT 2 – 42 USC §1983 – First Amendment Violations
### of Free Speech and Assembly

402.    Defendant realleges and incorporates his responses to the previous paragraphs of the complaint.

403.    Defendant admits that the defendants were acting under color of law. Defendant denies the remaining allegations in paragraph 403 of the complaint.

404.    Defendant admits that the Defendant acted under color of state law in his interactions with Plaintiff.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 404 of the complaint in so far as they relate to the "acts described herein" and he, therefore, denies those allegations.

405.    Defendant denies the allegations in paragraph 405 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 405 of the complaint in so far as they relate to the "actions described herein" and he, therefore, denies those allegations.

406.    Defendant denies the allegations in paragraph 406 of the complaint.

407.    Defendant denies the allegations in paragraph 407 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 407 of the complaint and he, therefore, denies those allegations.

408.    Defendant denies the allegations in the second sentence of paragraph 408 of the complaint.  Defendant denies the allegations in the first sentence of paragraph 408 of the complaint in so far as they relate to Lt. Mercil's statements to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 408 of the complaint and he, therefore, denies those allegations.

409.    Defendant denies the allegations in paragraph 409 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form

a belief about the truth of the remaining allegations in paragraph 409 of the complaint and he, therefore, denies those allegations.

410.    Defendant denies the allegations in paragraph 410 of the complaint.

411.    Defendant denies the allegations in paragraph 411 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 411 of the complaint and he, therefore, denies those allegations.

412.    Defendant denies the allegations in paragraph 412 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 412 of the complaint and he, therefore, denies those allegations.

413.    Defendant denies the allegations in paragraph 413 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 413 of the complaint and he, therefore, denies those allegations.

414.    Defendant denies the allegations in paragraph 414 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 414 of the complaint and he, therefore, denies those allegations.

415.    Defendant denies the allegations in paragraph 415 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form

a belief about the truth of the remaining allegations in paragraph 415 of the complaint and he, therefore, denies those allegations.

416.    Defendant denies the allegations in paragraph 416 of the complaint.

## COUNT 3 – 42 USC §1983 – Fourteenth Amendment Violations
## of Due Process

417.    Defendant realleges and incorporates his responses to the previous paragraphs of the complaint.

418.    Defendant admits that the defendants acted under color of law in his interactions with Plaintiff. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 418 of the complaint in so far as they relate to the "acts described herein" and he, therefore, denies those allegations.

419.    Defendant denies the allegations in paragraph 419 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 419 of the complaint in so far as they relate to the "actions described herein" and he, therefore, denies those allegations.

420.    Defendant denies the allegations in the first, second and last sentences of paragraph 420 of the complaint.  Defendant denies the remaining allegations in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 420 of the complaint and he, therefore, denies those allegations.

421.    Defendant denies the allegations in the first sentence of paragraph 421 of the complaint.  Defendant denies the allegations in paragraph 421 of the complaint in so far as

they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 421 of the complaint in so far as they relate to other officers and he, therefore, denies those allegations.

422.    Defendant denies the allegations in paragraph 422 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 422 of the complaint and he, therefore, denies those allegations.

423.    Defendant denies the allegations in paragraph 423 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 423 of the complaint and he, therefore, denies those allegations.

424.    Defendant denies the allegations in paragraph 424 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 424 of the complaint and he, therefore, denies those allegations.

425.    Defendant denies the allegations in paragraph 425 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 425 of the complaint and he, therefore, denies those allegations.

426.    Defendant denies the allegations in paragraph 426 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form

a belief about the truth of the remaining allegations in paragraph 426 of the complaint and he, therefore, denies those allegations.

427.    Defendant denies the allegations in paragraph 427 of the complaint.

**COUNT 4 – 42 USC §1983 – Fourteenth Amendment Violations
of Equal Protection**

428.    Defendant realleges and incorporates his responses to the previous paragraphs of the complaint.

429.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 429 of the complaint and he, therefore, denies those allegations.

430.    Defendant denies the allegations in paragraph 430 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 430 of the complaint and he, therefore, denies those allegations.

431.    Defendant denies the allegations in paragraph 431 of the complaint.

432.    Defendant denies the allegations in paragraph 432 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 432 of the complaint in so far as they relate to other officers and he, therefore, denies those allegations.

433.    Defendant denies the allegations in paragraph 433 of the complaint.

434.    Defendant denies the allegations in paragraph 434 of the complaint in so far as they relate to Defendant. Defendant lacks knowledge and information sufficient to form

a belief about the truth of the allegations in paragraph 434 of the complaint in so far as they relate to other officers and he, therefore, denies those allegations.

435.    Defendant admits the allegations in paragraph 435 of the complaint that the defendants were acting under color of law in their interactions with Plaintiff.  Defendant denies any remaining allegations in paragraph 435 of the complaint to the extent they are meant to relate to previous allegations of allegedly improper conduct by Defendant.

436.    Defendant denies the allegations in paragraph 436 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 436 of the complaint and he, therefore, denies those allegations.

437.    Defendant denies the allegations in paragraph 437 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 437 of the complaint and he, therefore, denies those allegations.

438.    Defendant denies the allegations in paragraph 438 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 438 of the complaint and he, therefore, denies those allegations.

439.    Defendant denies the allegations in paragraph 439 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 439 of the complaint and he, therefore, denies those allegations.

440.    Defendant denies the allegations in paragraph 440 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 440 of the complaint and he, therefore, denies those allegations.

441.    Defendant denies the allegations in paragraph 441 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 441 of the complaint and he, therefore, denies those allegations.

442.    Defendant denies the allegations in paragraph 442 of the complaint.

## COUNT 5 – 42 USC §1983 – Conspiracy to Interfere with the Assertion of Constitutional Rights

443.    Defendant realleges and incorporates his responses to the previous paragraphs of the complaint.

444.    Defendant denies the allegations in paragraph 444 of the complaint.

445.    Defendant denies the allegations in paragraph 445 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 445 of the complaint and he, therefore, denies those allegations.

446.    Defendant denies the allegations in paragraph 446 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 446 of the complaint and he, therefore, denies those allegations.

447.    Defendant denies the allegations in paragraph 447 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 447 of the complaint and he, therefore, denies those allegations.

448.    Defendant denies the allegations in paragraph 448 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 448 of the complaint and he, therefore, denies those allegations.

449.    Defendant denies the allegations in paragraph 449 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 449 of the complaint and he, therefore, denies those allegations.

450.    Defendant denies the allegations in paragraph 450 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 450 of the complaint and he, therefore, denies those allegations.

451.    Defendant denies the allegations in paragraph 451 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 451 of the complaint and he, therefore, denies those allegations.

452.    Defendant denies the allegations in paragraph 452 of the complaint in so far as they relate to Defendant.  Defendant lacks knowledge and information sufficient to form

a belief about the truth of the remaining allegations in paragraph 452 of the complaint and he, therefore, denies those allegations.

453. Defendant denies the allegations in paragraph 453 of the complaint.

## COUNT 6 – 42 USC §1983 – Conspiracy to Interfere with the Assertion of Constitutional Rights

454. Defendant realleges and incorporates his responses to the previous paragraphs of the complaint. Defendant affirmatively alleges that he is not a named defendant in this count and, therefore, none of the allegations pertain to Defendant.

455. Defendant denies the allegations in paragraph 455 of the complaint.

456. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 456 of the complaint and he, therefore, denies those allegations.

457. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 457 of the complaint and he, therefore, denies those allegations.

458. Defendant admits that the defendants acted under color of law in their interactions with Plaintiff. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 458 of the complaint and he, therefore, denies those allegations.

459. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 459 of the complaint and he, therefore, denies those allegations.

460.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 460 of the complaint and he, therefore, denies those allegations.

461.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the r allegations in paragraph 461 of the complaint and he, therefore, denies those allegations.

462.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 462 of the complaint and he, therefore, denies those allegations.

463.    Defendant denies the allegations in paragraph 463 of the complaint.

## COUNT 7 – *Monell* Civil Rights Violation

464.    Defendant realleges and incorporates his responses to the previous paragraphs of the complaint. Defendant affirmatively alleges that he is not a named defendant in this count and, therefore, none of the allegations pertain to Defendant.

465.    Upon information and belief, Defendant denies the allegations in paragraph 465 of the complaint.

466.    Upon information and belief, Defendant denies the allegations in paragraph 466 of the complaint.

467.    Upon information and belief, Defendant denies the allegations in paragraph 467 of the complaint.

468.    Upon information and belief, Defendant denies the allegations in paragraph 468 of the complaint.

469.    Upon information and belief, Defendant denies the allegations in paragraph 469 of the complaint.

470.    Upon information and belief, Defendant denies the allegations in paragraph 470 of the complaint.

471.    Upon information and belief, Defendant denies the allegations in paragraph 471 of the complaint.

472.    Defendant denies the allegations in paragraph 472 of the complaint.

473.    Upon information and belief, Defendant denies the allegations in paragraph 473 of the complaint.

474.    Defendant denies the allegations in paragraph 474 of the complaint.

## PRAYER FOR RELIEF

The request for relief is not subject to responsive pleading.  To the extent that the prayer for relief implores or asserts liability on Defendant's part in any way, it is denied. Plaintiff has no right to relief at law or equity.

## AFFIRMATIVE DEFENSES

1.    The complaint fails to state a claim upon which relief can be granted.

2.    Defendant's actions and statements were objectively reasonable, and commanded, authorized or protected by law.

3.      Defendant is immune from liability under the doctrine of qualified immunity or other legal immunity.

4.      Plaintiff's injuries or damages, if any, were caused, contributed to, or brought about by Plaintiff's own intentional, illegal, and/or negligent acts or the acts of others over whom Defendant exercised no right or dominion or control and for whose actions Defendant is not legally responsible.

5.      Plaintiff voluntarily assumed any risk inhered in the situation that gave rise to the complaint.

6.      Plaintiff's First Amendment rights are subject to reasonable time, manner and place restrictions.

**WHEREFORE**, Defendant prays for an Order of this Court as follows:

1.      Dismissing Plaintiff's complaint on the merits and with prejudice in its entirety;

2.      Awarding Defendant all reasonable costs, disbursements and attorneys' fees to the fullest extent allowed by law; and

3.      For such other and further relief as this Court deems appropriate.

Dated: December 28, 2021                    JAMES R. ROWADER, JR.
                                            City Attorney
                                            By */s Kristin R. Sarff*
                                            KRISTIN R. SARFF (#0388003)
                                            SHARDA ENSLIN (#0389370)
                                            HEATHER ROBERTSON (#0390470)
                                            Assistant City Attorneys
                                            350 South Fifth Street, Room 210
                                            Minneapolis, MN 55415
                                            (612) 673-3919
                                            (612) 673-2180
                                            (612) 673-3949

kristin.sarff@minneapolismn.gov
sharda.enslin@minneapolismn.gov
heather.robertson@minneapolismn.gov

*Attorneys for Defendant*
*Michael Osbeck, Jr.*