UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jaleel Kevin Stallings, | Case No. 21-cv-2395 (ADM/TNL) |
| Plaintiff, | |
| v. | **STIPULATION FOR A PROTECTIVE ORDER** |
| Andrew Bittell, et al., | |
| Defendants. | |

The parties stipulate that the court may enter a Protective Order with the following terms:

**I.  DEFINITIONS**

  A.  As used in this protective order:

   1. "attorney" means an attorney who has appeared in this action;

   2. "confidential document" means a document designated as confidential under this protective order;

   3. to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

   4. "document" means information disclosed or produced in discovery, including at a deposition;

   5. "notice" or "notify" means written notice;

   6. "party" means a party to this action; and

7. "protected document" means a document protected by a privilege or the work-product doctrine.

## II. DESIGNATING A DOCUMENT OR DEPOSITION AS A CONFIDENTIAL DOCUMENT

A. A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential information, which includes but is not limited to medical, financial, or "not public data" under the Minnesota Government Data Practices Act ("MGDPA") (*see* definition of "not public data" in Minn. Stat. § 13.02, subd. 8a.).

B. A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

C. Deposition testimony may be designated as confidential:

1. on the record at the deposition; or

2. if a designation of confidential is not made in advance of disclosure at a deposition or during the deposition, it may be made within 30 days after the date on which the deposition transcript is available by sending written notice to all parties. All persons with copies of the deposition transcript shall then treat the confidential portions of the depositions as confidential. Until the 30-day period has expired, all deposition testimony and transcripts shall be treated as confidential.

    D.    If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

## III. WHO MAY RECEIVE A CONFIDENTIAL DOCUMENT

    A.    A confidential document may only be used in this action.

    B.    No person receiving a confidential document may disclose the contents of that document, except to:

1. the Court and its staff;
2. an attorney retained by a party to this action;
3. a person shown on the face of the confidential document to have authored or received it, or a person depicted in the confidential document;
4. a court reporter or videographer retained in connection with any deposition in this action;
5. a party
6. employees, agents, or volunteers of the Minneapolis City Attorney's Office, who are assisting in this litigation;
7. elected or appointed officials, management-level employees of the City of Minneapolis, and any other employee of the City of Minneapolis required to obtain or facilitate settlement authority;
8. any other person who the parties unanimously agree to in writing; and
9. any person who:
   a. is retained to assist a party or attorney with this action;

      b. signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form[1]:

> I have read, and agree to be bound by, the protective order in the case captioned *Jaleel Kevin Stallings v. Andrew Bittell, et al.*, Case No. 21-cv-2395 (ADM/TNL) in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential information that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
>
> I declare under penalty of perjury that the foregoing is true and correct.

    C.    A party may supplement the "confidential" mark with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

    D.    If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

## IV. SUBPOENAS

---

[1] The parties agree that the name and case number may be removed from this declaration and the protective order in the case of mock jury members who are retained to help evaluate the case.

    A.     A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

    B.     If a party receives a subpoena or other court process that arguably calls for the production of confidential documents, that party shall give the other parties written notice of the subpoena or court process and at least ten (10) days' notice before producing any such confidential documents.

## V. CORRECTING AN ERROR IN DESIGNATION

    A.     A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

    B.     Any party receiving such improperly designated documents shall make reasonable efforts to retrieve any copies of such documents they have distributed and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents.

## VI. USE OF A CONFIDENTIAL DOCUMENT IN COURT OR DEPOSITION

    A.     Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed under seal only in accordance with LR 5.6.

    B.     Nothing contained in this Protective Order shall preclude a party from showing any confidential documents to any third-party witnesses, either during a deposition or trial, provided that:

      1. The witness is not given a copy of any confidential documents to take with him or her, the witness is provided with a copy of the Court's protective order, the witness is advised that paragraphs III.A and III.B of the protective order are applicable to him or her, and the witness agrees on the record to abide by such terms.

  C. Presentation at a hearing. A party intending to present another party's or a non-party's confidential document at a hearing must notify the other party or the non-party three (3) days in advance of the hearing so that the other party or the non-party may seek relief from the court.

## VII. CHANGING A CONFIDENTIAL DOCUMENT'S DESIGNATION

  A. Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the Court orders otherwise.

  B. Documents produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the Court orders otherwise after providing an opportunity for the non-party to be heard.

  C. Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the Court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be

heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

VIII. **HANDLING A CONFIDENTIAL DOCUMENT AFTER TERMINATION OF LITIGATION**

    A.    Within sixty (60) days of the termination of this action (including any appeals), each party must:

        1. return or destroy all confidential documents (and copies thereof); and

        2. notify the disclosing or producing party that it has returned or destroyed all confidential documents (and copies thereof) within the 60-day period.

    B.    Notwithstanding section VIII.A, each attorney may retain a copy of any confidential document submitted to the Court.

    C.    No retained confidential documents may be used for any purpose other than for this action.

IX. **INADVERTENT DISCLOSURE OR PRODUCTION TO A PARTY OF A PROTECTED DOCUMENT**

    A.    Notice.

        1. A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or the protection is not waived.

    2. A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party

B. Handling of a Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

## X. SECURITY PRECAUTIONS AND DATA BREACHES

A. Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

B. A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

## XI. GENERAL PROVISIONS

A. Any party may apply to the Court for a modification of this Protective Order on good cause.

B. The obligations imposed by this Protective Order survive the termination of this action.

Dated: March 22, 2022

/s Eric A. Rice
Eric Rice (0388861)
Law Office of Eric A. Rice, LLC
1 W. Water St., Ste. 275
St. Paul, MN 55107
Phone: (651) 998-9660
Fax: (651) 344-0763
Email: eric@ricedefense.com

*Attorney for Plaintiff*

Dated: March 22, 2022

JAMES R. ROWADER, JR.
City Attorney
/s Kristin Sarff
Kristin R. Sarff (0388003)
Sharda Enslin (0389370)
Heather P. Robertson (0390470)
Assistant City Attorneys
350 South Fifth Street, Room 210
Minneapolis, MN 55415
Telephone: (612) 673-3919
kristin.sarff@minneapolismn.gov
heather.robertson@minneapolismn.gov
sharda.enslin@minneapolismn.gov

*Attorneys for Defendants*